IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2127-FL

| | |
|---|---|
| JAMES WALLACE FOX, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BRICK TRIPP and THE UNITED )<br>STATES PAROLE COMMISSION, )<br>)<br>Respondents. ) | ORDER |

The matter now is before the court on respondent's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (DE 9). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## BACKGROUND

On August 23, 1988, petitioner, a District of Columbia ("DC") Code Offender, was convicted in the DC Superior Court of possession with the intent to distribute dilaudid, and sentenced to an 18-year term of imprisonment. (Resp't's Ex. A, p. 8). On June 15, 1995, the DC Board of Parole granted petitioner parole. (Id. Ex. A, p. 7 and Ex. B). On August 6, 2001,[1] the United States Parole Commission (the "Commission") revoked petitioner's parole, after conducting a parole revocation hearing. (Id. Ex. C). The Commission ordered petitioner to serve 24 months

---

[1] Pursuant to the National Capital Revitalization Act of 1997 ("the Act"), Congress mandated that the federal Bureau of Prisons ("BOP") house DC Code Offenders. See Pub. L. No. 105-33, § 11231(a), 111 Stat. 712, 745 (1997) (codified at DC Code § 24-131(a)) The Act gives the United States Parole Commission exclusive jurisdiction over all DC felony prisoners. See id.; Allen v. Cauley, No. 1:11-0337, 2013 WL 2458526, at *3 (S.D.W. Va. June 6, 2013).

imprisonment and directed that petitioner not receive credit for any time spent on parole. (Id.) Petitioner was granted presumptive re-parole on July 18, 2002, with a full term expiration date of October 22, 2011. (Id. and Ex. A, p. 9).

On February 27, 2009, the Commission revoked petitioner's parole for a second time, and ordered that petitioner serve a term of 12 months imprisonment. (Id. Ex. D). The Commission did not grant petitioner any credit for the time he spent on parole. (Id.) Petitioner appealed the decision to the Commission's National Appeals Board, which affirmed the Commission's decision on May 27, 2009. (Id. Ex. E). On October 29, 2009, petitioner was released on re-parole and was to remain on parole supervision until the expiration of petitioner's newly calculated full term date of January 31, 2018. (Id. Ex. A, p. 7 and Ex. F). On June 27, 2012, the Commission conducted a parole revocation hearing based upon allegations that petitioner had violated his parole. (Id. Ex. G). Although the Commission determined that petitioner violated his parole, it decided that the violations did not warrant a parole revocation. (Id.)

On May 1, 2013, the Commission issued a warrant based upon allegations that petitioner failed numerous drug tests, failed to submit to other drug testing, and committed a new law violation for possession with the intent to distribute 43.3 grams of crack cocaine and possession of four rounds of .357 ammunition. (Id. Ex. H). On February 14, 2014, the DC Superior Court convicted petitioner based upon the conduct constituting the law violation, and sentenced petitioner to a consecutive term of 66 months imprisonment. (Id. Ex. I). On April 16, 2014, the Commission conducted a parole revocation hearing, and revoked petitioner's parole. (Id.) The Commission did not provide petitioner credit for any time spent on parole and granted petitioner presumptive re-parole on September 9, 2016. (Id.) The expiration of petitioner's full term date was calculated as July 16,

2020. (Id. Ex. A, p. 2). Petitioner appealed the Commission's decision, and the National Appeals Board affirmed the Commission's decision on January 5, 2017. (Id. Exs. J, K). On October 24, 2016,[2] petitioner was released on parole to serve his consecutive DC Superior Court sentence. (Id. Ex. L).

On June 8, 2016, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and alleged the following claims: (1) violation of the Due Process Clause pursuant to the Fourteenth Amendment to the United States Constitution because he was not notified that he was eligible for an early parole termination hearing and did not receive such hearing under 28 C.F.R. § 2.43; and (2) failure to credit petitioner's sentence with time he spent on parole. Respondent subsequently moved to dismiss this action for lack of subject matter jurisdiction arguing that petitioner failed to exhaust his administrative remedies prior to filing the instant action. Respondent alternatively argues that petitioner failed to state a claim upon which relief may be granted. The motion was fully briefed.

**DISCUSSION**

A.      Standard of Review

Respondent filed his motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state

---

[2] The parole date was extended an additional 45 days based upon petitioner's violation of institutional rules for possession of tobacco. (Resp't's Mem. Ex. M).

facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

As for respondent's motion to dismiss pursuant to Rule 12(b)(6), a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted

4

inferences, unreasonable conclusions, or arguments." <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted). On a motion to dismiss, courts "may properly take judicial notice of matters of public record." <u>Philips v. Pitt Cnty. Mem'l Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009).

B.  Analysis

    1.  Early Parole Termination Hearing

Petitioner contends that he was denied due process because the Commission did not notify him of his eligibility for an early parole termination hearing and because he did not have such hearing as required by 28 C.F.R. § 2.43. Section 2.43 specifically provides:

> Upon its own motion or upon request of a parolee, the Commission may terminate a parolee's supervision, and legal custody over the parolee, before the sentence expires. . . . Five years after releasing a prisoner on supervision, the Commission shall terminate supervision over the parolee unless the Commission determines, after a hearing conducted in accordance with the procedures prescribed in 18 U.S.C. 4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law. If the Commission does not terminate supervision under this paragraph, the parolee may request a hearing annually thereafter, and the Commission shall conduct an early termination hearing at least every two years.

28 C.F.R. § 2.43(a)(1) and (c). Section 2.43 does not apply to petitioner because, as a DC Code Offender, DC law and not federal law applies. <u>See</u> DC Code § 24-131(c) ("The Parole Commission shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia [.]"); see also, <u>Holt v. United States Parole Commission</u>, No. 2:15-CV-

5

529, 2016 WL 7646366, at *3 (E.D. Va. Nov. 21, 2016) ("Again, the U.S.P.C. was granted sole jurisdiction over parole considerations for D.C. Code violators, such as Holt."); Allen v. O'Brien, No. 1:14-cv-02545, 2015 WL 4621453, at *7 (S.D.W. Va. June 22, 2015) ("Having received exclusive jurisdiction over parole decisions for D.C. Code felony offenders under D.C. Code § 24–131(a), the USPC is required to follow the parole laws and rules of the District of Columbia as amended and supplemented by the USPC.") (quotations omitted).

To the extent petitioner relies upon DC Code § 24-404(a-1)(3) to support his claim. Section 24-404(a-1)(3) provides:

> Upon its own motion or upon request of a parolee, the Commission may terminate legal custody over the parolee before expiration of the parolee's sentence. . . . Five years after a parolee's release on parole, the Commission shall terminate legal custody over the parolee unless the Commission determines, after a hearing, that legal custody of the parolee should not be terminated because there is a likelihood that the parolee will violate any criminal law.

DC Code § 24-404(a-1)(3); see also 28 C.F.R. § 2.95. This section of the DC Code became effective on May 20, 2009. See DC Code § 24-404. Petitioner then was paroled on October 29, 2009, but the Commission revoked his parole in June 2014, less than five years after he was released on parole supervision. (Resp't's Mem. Exs. F, I). Because petitioner did not spend five years on parole during the relevant time period, he was not eligible for the early termination provision of § 24-404(a-1)(3).

2. Credit for Time Spent on Parole

Petitioner contends that he is entitled to credit on his 1988 DC Code sentence for his time spent on parole, often referred to as "street time." Petitioner's parole was revoked in June 1995, August 2001, February 2009, and February 2014. Until May 2009, DC Code § 24-406(a) provided that: "If the order of parole shall be revoked, . . . [t]he time a prisoner was on parole shall not be

6

taken into account to diminish the time for which he was sentenced."[3] Subsequent to the passage of DC Code § 24-406(a), the District of Columbia enacted the Good Time Credits Act ("GTCA"), DC Code § 24-221.03(a), which provided, in pertinent part, that "[e]very person shall be given credit on the maximum and the minimum term of imprisonment for the time spent in custody or on parole as a result of the offense for which the sentence was imposed."[4]

Although DC Code § 24-406(a) and DC Code § 24-221.03 appeared to be in conflict, any potential conflict in the interpretation of these statutes was resolved when the DC Court of Appeals held that DC Code § 24-406(a) was not repealed by the GTCA, and, therefore, parole violators were not entitled to "street time" credit against their sentence when their parole was revoked. See United States Parole Comm'n v. Noble, 693 A.2d 1084, 1086-87 (D.C. 1997), adhering to on reh'g en banc, 711 A.2d 85 (D.C. 1998); Jones v. Bureau of Prisons, No. 02-5054, 2002 WL 31189792, at *1 (D.C. Cir. Oct. 2, 2002) ("Under District of Columbia law, appellant cannot receive credit for time on parole, commonly known as 'street time,' after his parole has been revoked."). Based upon the foregoing, when the Commission revoked petitioner's parole in June 1995, August 2001 and February 2009, petitioner was not entitled to credit for the time he spent on parole. See Noble, 693 A.2d at 1086-87.

In December 2008, the DC Council passed the Equitable Street Time Amendment Act, which amended DC Code § 24-406 to limit the forfeiture of the time spent on parole to offenders who have been convicted of a new offense punishable by imprisonment, or who have intentionally refused or failed to respond to a request of the Parole Commission. See 74 Fed. Reg. 28602, 28603, codified

---

[3] Section 24-406 previously was codified at DC Code § 24-206.

[4] Section 24-221.03 previously was codified at DC Code § 24-431.

7

at DC Code §24-406. The law became effective in May 2009, and was not retroactive. See DC Code § 24–406; see also, Bowman v. Warden, FCI Gilmer, No. 5:08CV157, 2009 WL 1748872, at *1 (N.D. W. Va. June 18, 2009) ("While the petitioner maintained that the [Equitable Street Time Amendment] Act would be retroactive, it is clearly not."). Accordingly, the Equitable Street Time Amendment Act only is applicable to petitioner's April 2014 parole revocation. Although the Equitable Street Time Amendment Act applies to petitioner's April 2014, parole revocation, petitioner committed a new offense while on parole that was punishable by imprisonment. Accordingly, petitioner was not entitled to credit for his street time when his parole was revoked in April 2014. See DC Code § 24-406.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 9) is GRANTED. The court denies a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 20th day of June, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge